

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1199-17

### ANDREW LEE WILLIAMS, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTEENTH COURT OF APPEALS
### BRAZORIA COUNTY

**KELLER, P.J., filed a concurring opinion.**

The Court correctly identifies the issue in this case as whether, in a certificate of analysis under Article 38.41,[1] "someone other than the analyst who conducted the testing can serve as the affiant." The Court correctly answers this question "yes." I do not join the Court's opinion because it addresses issues that are not before us, are not briefed by the parties, and are not necessary to the resolution of the case.

First, the Court does not need to consider the meaning of "substantial compliance." Because

---

[1] TEX. CODE CRIM. PROC. art. 38.41.

the only defect alleged by Appellant is not a defect at all, what "substantial compliance" means has no bearing on the outcome of this case. The parties address only § 5 of the statute and not § 3. The Court's holding that "substantial compliance" requires satisfying all seven requirements set out in § 3 is not an issue addressed by the parties.

Second, the Court says that the certificate of analysis in this case is missing at least one item of information required by § 3. Again, Appellant has never claimed that the State failed to comply with § 3.

Third, even if Appellant had complained in this Court about § 3, the Court concludes that Appellant forfeited that claim because he failed to raise it at trial. If he has forfeited a § 3 claim, we do not need to address the merits of a § 3 claim.

And finally, it is not clear to me that the Court's holding on the meaning of "substantial compliance" is correct. I cannot think of an instance when, under the Court's holding, "substantial" compliance would not also be full compliance. And, of course, we have no guidance from the parties on what "substantial compliance" means with respect to § 3.

I agree with the Court's holding that Article 38.41 does not require the affiant to be the analyst. I would not go further than that holding to comment on matters that are not before us. Such statements are *dicta*.[2] I concur in the Court's judgment.

Filed: October 9, 2019

Publish

---

[2] *See State v. Ross*, 573 S.W.3d 817, 827 & n.59 (Tex. Crim. App. 2019).